**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LASHUNDA FARR** **PLAINTIFF**

**v.** **CASE NO. 4:26-CV-00337-BSM**

**WALMART INC.** **DEFENDANT**

**ORDER**

Walmart's motion to dismiss [Doc. No. 4] is granted on Lashunda Farr's Americans with Disabilities Act, 42 U.S.C. section 12101, claims; and it is denied on her Title VII, 42 U.S.C section 2000e, and Arkansas Civil Rights Act, Ark. Code section 16-123-101, claims.

I. BACKGROUND

According to the complaint, Farr is the only black employee in Walmart's bakery. Compl. ¶¶ 13–14, Doc. No. 1. During her employment with Walmart, a coworker threatened Farr with a bread knife, another rammed a bakery rack she was using, and she endured verbal attacks, false reporting, intimidation, and ridicule that none of her non-black coworkers had to endure. *Id.* ¶¶ 15–17. She was treated more harshly than her white coworkers and was labeled "loud" and "aggressive" for behaving similarly to her white coworkers. *Id.* During this time, Farr was diagnosed with generalized anxiety disorder and depression, and her coworkers called her "paranoid" and said that "things were all in her head." *Id.* ¶ 19.

After Farr reported three of her managers for discrimination, the harassment against her escalated. *Id.* ¶ 18. After filing a second report, Walmart suspended her with pay, and she did not return to work until two months later. Compl. ¶ 21. When she returned, she was

met with the same harassment, so she resigned six days later. *Id.* ¶¶ 22–23.

Farr is suing Walmart for discrimination, retaliation, and hostile work environment under Title VII, the ADA, and the ACRA, and Walmart is moving to dismiss.

## II. LEGAL STANDARD

To overcome a motion to dismiss, the complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that would allow a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

Walmart's motion to dismiss is granted on Farr's ADA claim, but denied on all others.

### A. <u>ADA</u>

Walmart's motion to dismiss Farr's discrimination, retaliation, and hostile work environment claims under the ADA is granted.

#### *1. Discrimination*

Walmart's motion to dismiss Farr's ADA discrimination claim is granted. To state

a discrimination claim, Farr must allege that (1) she has a disability under the ADA; (2) she is a qualified individual; and (3) she suffered an adverse employment action because of her disability. *See Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). Although Farr is a qualified individual with anxiety and depression, she only alleges that she was called "unstable," "paranoid," and was told that "things were all in her head." This is not enough to allege that an adverse employment action was taken against her based on a disability. *See Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024) ("An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment.").

To the extent Farr is claiming that Walmart failed to accommodate her disability, dismissal is granted. To establish a claim for failure to accommodate, Farr must first plead a prima facie case for discrimination: (1) she has a disability under the ADA; (2) she is a qualified individual; and (3) she suffered an adverse employment action because of her disability. *See Philip*, 328 F.3d at 1023. Farr must then plead Walmart's "failure to accommodate [her] disability." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 906 (8th Cir. 2015). Farr fails to establish her discrimination claim because she fails to allege that an adverse employment action was taken against her. Even if Farr could establish all the elements of a discrimination claim, she fails to adequately allege that Walmart failed to accommodate her disability because she merely states that Walmart "failed to make reasonable accommodations." Compl. ¶ 21. This conclusory allegation fails to show that she sought an accommodation or explain how Walmart failed to provide the requested

accommodation. This not enough to overcome dismissal. *See Bohner v. Union Pac. R.R. Co.*, 2020 WL 5517575 *3 (E.D. Mo. Sept. 14, 2020) (dismissing complaint because plaintiff failed to "allege that he sought an accommodation from his employer and the employer failed to assist in it."); *see also Tipcke v. Olmsted Med. Ctr.*, 2023 WL 2776098 *5 (D. Minn. Apr. 4, 2023) (dismissing complaint because "even if [plaintiff] plausibly alleged that she is disabled . . . her discrimination claim would still fail because she does not allege that she sought and was denied an accommodation based on disability.").

*2. Retaliation*

Walmart's motion to dismiss Farr's ADA retaliation claim is granted. To state a claim for retaliation, Farr must show that (1) she engaged in statutorily protected activity; (2) Walmart took an adverse employment action against her; and (3) there was a causal connection between the two. *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013). Although Farr alleges that she reported her managers and that negative behaviors against her escalated, the only negative behaviors related to her disability were being called "unstable" and "paranoid," and this is not enough to plead a retaliation claim.

*3. Hostile Work Environment*

Walmart's motion to dismiss Farr's ADA hostile work environment claim is granted. To plead a hostile work environment claim, Farr must allege that (1) she is a member of a protected group under the ADA; (2) she was subjected to harassment; (3) the harassment was based on her protected status; and (4) the harassment affected a term, condition, or privilege of her employment. *See Ryan v. Captial Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012)

(citations omitted). Farr has failed to plead a claim for hostile work environment because the only harassment she alleges is that she was called "unstable," "paranoid," and told that "things were all in her head." This is not enough to affect a term or condition of her employment. *See Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016) ("'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.' . . . the Supreme 'Court implores lower courts to . . . filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender related jokes, and occasional teasing.'") (citations omitted).

B. Title VII

Walmart's motion to dismiss Farr's discrimination, retaliation, and hostile work environment claims under Title VII is denied.

*1. Discrimination*

Walmart's motion to dismiss Farr's Title VII discrimination claim is denied. To establish a race discrimination claim, Farr must plead that (1) she belongs to a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). Farr alleges that she was the only black employee in the bakery and was subjected to workplace violence and bullying that her white coworkers were not. This is enough to plead a Title VII claim.

*2. Retaliation*

Walmart's motion to dismiss Farr's Title VII retaliation claim is denied. To establish a retaliation claim, Farr must show (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) a causal connection between the two. *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). After she reported three of her managers for their discriminatory actions, the negative treatment of Farr escalated. While thin, this is enough to survive dismissal.

*3. Hostile Work Environment*

Walmart's motion to dismiss Farr's Title VII hostile work environment claim is denied. To establish a hostile work environment claim, Farr must allege (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic under Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) employer liability. *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005) (citations omitted). Farr alleges that, as the only black employee in the bakery, she was subjected to verbal attacks, cursing, and workplace violence. Farr alleges this caused her to fear for her workplace safety and that Walmart was aware of these events but failed to intervene. This is enough to plead a hostile work environment claim under Title VII. *See id.* (To determine "'whether an environment is "hostile" or "abusive" . . . look[] at . . . the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'") (quoting

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

*4. Constructive Discharge*

To the extent that Farr claims constructive discharge, the motion to dismiss is denied. To state a claim for constructive discharge, Farr must show that (1) she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign, and (2) she actually resigned. *Brokken v. Hennepin Cnty.*, 140 F.4th 445, 451 (8th Cir. 2025). Farr's allegations that she resigned because she was the only black employee and was threatened with a knife, physically intimidated, insulted, and verbally attacked is enough to overcome dismissal.

C. ACRA

Walmart's motion to dismiss Farr's ACRA discrimination, retaliation, and hostile work environment claims is denied because those claims are analyzed similarly to her Title VII claims. *See Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002) (discrimination); *Burkhart v. American Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010) (retaliation); *Christie v. Layton Construction Co., LLC*, 5:25-CV-5201, 2025 WL 2921845, at *5 (W.D. Ark. Oct. 14, 2025) (hostile work environment).

IV. CONCLUSION

For these reasons, Walmart's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED this 20th day of November, 2026.

UNITED STATES DISTRICT JUDGE